UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>LAURA ZUCHOWSKI, ALEJANDRO MAYORKAS, KENNETH CUCCINELLI, MERRICK GARLAND, JEAN KING,<br><br>    Defendants. | Case No. 2:21-cv-01519-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Proceed Under Pseudonym and for a Protective Order (the "Motion"). ECF No. 3. Plaintiff also filed a Request for Expedited Ruling on his Motion. ECF No. 10.

**I.    Background**

Plaintiff is a Cameroonian citizen living in Las Vegas who has filed two requests with the U.S. Citizenship and Immigration Services. These include an I-360 Petition for Amerasian, Widow(er) or Special Immigrant[1] and an I-485 Application to Register as a Permanent Resident. Plaintiff also claims an EOIR-29 appeal was filed by his spouse. Plaintiff wants to proceed pseudonymously because he believes disclosure of his identity and his mental health status "could expose him to harassment, injury, ridicule, and personal embarrassment." ECF No. 3 at 2. Plaintiff says he would rather not bring his lawsuit than publicly reveal his identity. *Id*. Plaintiff also says he "has been battling stress-induced Tinnitus (non-stop ringing in the ears) for ten (10) months now as well as a total collapse of his mental health induced by the condition." *Id*. Plaintiff refers the Court to 8 C.F.R. § 208.6(b), which bars disclosure of records demonstrating that a noncitizen applied for asylum. *Id*. Plaintiff tells the Court that he does not seek to withhold his identity from

---

[1] Plaintiff references VAWA several times in his Motion. VAWA is the Violence Against Woman Act to which the I-360 instructions refers. Plaintiff does not indicate anywhere in his Motion that he is seeking to proceed pseudonymously because he is the victim of abuse under one of the circumstances identified in the Form I-360 Instructions at 6 of 16. *See* https://www.uscis.gov/sites/default/files/document/forms/i-360instr.pdf

1

the Defendants, but rather the public, and therefore claims that granting his Motion will not cause Defendants prejudice. *Id*. Plaintiff concludes that the "sensitive and highly personal nature" of his ten month battle with Tinnitus and "extreme mental trauma associated with the condition," if "publicly disclosed," would cause damage to his reputation in the (unidentified) field of his employment. *Id*. at 4.

## II.   Discussion

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a)(requiring that the title of every complaint "include the names of all the parties). This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers." *Kamehameha Schools*, 596 F.3d at 1042. Nevertheless, a party may proceed pseudonymously when "special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067.

"Parties may use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-1068. A party may preserve his or her anonymity when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The moving party must demonstrate that publishing his or her identity in connection with the lawsuit will result in social stigmatization, put him or her in danger of physical harm, or cause the very harm that the litigation seeks to prevent. *Doe v. University of Rhode Island*, 28 Fed.R.Serv.3d 366, 369 (D. R.I. 1993). District Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046.

The Ninth Circuit generally recognizes three types of cases in which anonymity is justified despite the general rule favoring disclosure. *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citation omitted). The first type of case is one in which identification creates a risk of retaliatory physical or mental harm. *Id*. The second type of case appropriate for pseudonymous filing occurs

when the party seeking to proceed anonymously demonstrates a need to preserve privacy in a matter of a highly personal or sensitive nature. *Id*. Third, proceeding under a pseudonym is justified in cases when, absent anonymity, the party would be compelled to admit his or her intention to engage in criminal conduct thereby risking prosecution. *Id*.

Plaintiff's basis for anonymity fit neither the first nor third type of case in which pseudonymous proceedings are recognized. The Court further notes that Plaintiff's reliance on 8 C.F.R. § 208.6 is misplaced.[2] Subsection (a) of this code prohibits disclosure of information pertaining to an applicant "for … asylum." 8 C.F.R. § 208.6(a). Subsection (b) requires nondisclosure of "records kept by DHS and the Executive Office for Immigration Review" indicating a specific alien has applied for asylum. 8 C.F.R. § 208.6(b). Exceptions to these nondisclosure requirements include (1) "[a]ny United States Government Official" with the "need to information in connection with (i) The adjudication of asylum applications; … or (2) Any Federal … court in the United States considering any legal action." 8 C.F.R. § 208.6(c). In this case, Plaintiff does not seek to maintain the confidentiality of an application for asylum or any information in connection with the adjudication of an asylum application. In fact, neither of the applications Plaintiff references in his instant Motion, or in his Petition for Writ of Mandamus and Complaint for Injunctive Relief (ECF No. 1-1), pertain to asylum. An I-360 is a Petition for Amerasian, Widow(er), or Special Immigrant, and a review of the instructions (*see* n.1) demonstrates that this application form has nothing to do with asylum. The I-485 form is an Application to Register Permanent Residence or Adjust Status, which is also silent as to asylum.[3] These application forms simply have nothing to do with asylum.

Plaintiff seeks to protect his identify from employers in his unidentified field of expertise and because he seems to believe that disclosure of his mental health problems will cause stigmatization, an invasion of privacy, and damage to his reputation. But these are, at best, unsupported conclusory statements. Plaintiff offers nothing to substantiate his assertions other than his declaration stating that his mental health is seriously impacted by Tinnitus, and that he "consulted

---

[2] Part 208 of the C.F.R. is titled "Procedures for Asylum and Withholding of Removal." 8 C.F.R. § 208.6 is titled "Disclosure to Third Parties."

[3] *See* https://www.uscis.gov/sites/default/files/document/forms/i-485instr.pdf.

with a psychologist who was of little help since nearly all the medications used to treat mental illness are ototoxic (poisonous to the ears) and [would] only worsen" Plaintiff's condition.  ECF No. 3-1 at 2 ¶¶ 4-5.

In sum, this information fails to establish that the use of Plaintiff's name in this litigation will cause an invasion of privacy in a matter of a highly personal or sensitive nature.  The Court does not find compelling Plaintiff's unsupported assertion that he will be stigmatized for the stress he suffers from Tinnitus or that his employment will suffer if his name appears on the Complaint he has filed.  In fact, why Plaintiff's Tinnitus is in any way pertinent to the relief he seeks through his Petition and Complaint and, therefore, why the issues related to his Tinnitus needs to be discussed in any filing by Plaintiff is unclear to the Court.

The Court reviewed case law pertaining to mental illness and proceeding pseudonymously.  The Court found nothing in the Ninth Circuit supporting pseudonymous pleadings in this case.  *See Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140, 1146 (N.D. Cal. 2016) (and cases cited therein).  As discussed in *Kisaka v. University of Southern California*, Case No. CV 11-1942-MMM (MAN), 2011 WL 13176442, at *2 (C.D. Cal. Mar. 29, 2011), while Plaintiff asserts that his reputation will suffer if people learn of his Tinnitus and the stress it has caused, and that this justifies Plaintiff's anonymity request, Plaintiff's statements do not establish unusual or special circumstances warranting the secrecy pseudonymous filing allows.  For all the reasons stated above, Plaintiff's request to proceed pseudonymously will be denied.  *See* ECF No. 1-1.

Nonetheless, and despite the above, the Court finds that allowing Plaintiff to redact certain portions of his pending Petition and Complaint will provide relief from the public disclosure of specific facts Plaintiff seeks to keep private.  Specifically, Local Rule 10-5 allows the Court to grant a party to litigation the right to file portions of pleadings under seal.  This relief is described below in the Court's Order.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed Under Pseudonym for a Protective Order (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that Request for Expedited Ruling on his Request for Expedited Ruling on Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 10) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff shall, no later than **September 13, 2021**, refile his Petition for Writ of Mandamus and Complaint for Injunctive Relief **under seal** replacing all references to John Doe with his real name. The title of the document shall appear as follows:

> FILED UNDER SEAL UNDER COURT ORDER (ECF No. 11)
> PETITION FOR WRIT OF MANDAMUS AND COMPLAINT
> FOR INJUNCTIVE RELIEF

IT IS FURTHER ORDERED that Plaintiff shall also refile his Petition for Writ of Mandamus and Complaint for Injunctive Relief replacing all references to John Doe with his real name, but with "redactions." This filing shall **not** be under seal and must also occur on **September 13, 2021**.

As Plaintiff appears to understand, redacting a document allows a portion of the content of a filing to be blocked so that the public does not have access to the content. Therefore, Plaintiff shall refile, **not** under seal, his Petition for Writ of Mandamus and Complaint for Injunctive Relief with the following redactions:

- Paragraph 1, line 2 beginning with the words "who also now" and ending on line 3 with the words "in the ears."
- The contents (but not the header) of Paragraph 13;
- Paragraph 16, line 10 beginning with the words "and especially because" and ending on line 11 with the words "plaguing Plaintiff";
- Paragraph 17, line 15; and,
- Paragraph 17, line 18 beginning with the words "somewhat from" and ending with the word "Tinnitus."

IT IS FURTHER ORDERED that once Plaintiff refiles his Petition for Writ of Mandamus and Complaint for Injunctive Relief sealed and unsealed as directed above, he may seek summonses for Defendants.

Dated this 7th day of September, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE