UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APEMWOYAH KISOB ALARIC-LORENZO,<br><br>Plaintiff,<br><br>v.<br><br>LAURA ZUCKHOWSKI, ALEJANDRO MAYORKAS, KENNETH CUCCINELLI, MERRICK GARLAND, JEAN KING,<br><br>Defendants. | Case No. 2:21-cv-01519-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's *Ex Parte* Motion to Seal Entire Case or Alternatively to Seal Certain Parts of the Record of Proceedings. ECF No. 16. No Defendant has appeared in this case; therefore, no response to the Motion will be filed.

**I.    Background**

Plaintiff claims he is a Cameroonian citizen living in Las Vegas who filed two requests with the U.S. Citizenship and Immigration Services. These requests included an I-360 Petition for Amerasian, Widow(er) or Special Immigrant and an I-485 Application to Register as a Permanent Resident. In his present Motion, Plaintiff states these requests have been adjudicated rendering this action moot. *Id*. at 2.

Nonetheless, Plaintiff previously sought to proceed pseudonymously because he believed disclosure of his identity and his mental health status "could expose him to harassment, injury, ridicule, and personal embarrassment." ECF No. 3 at 2. Plaintiff concluded that the "sensitive and highly personal nature" of his ten month battle with health issues and "extreme mental trauma associated with the condition," if "publicly disclosed," would cause damage to his reputation in the (unidentified) field of his employment. *Id*. at 4. The Court denied Plaintiff's request to proceed pseudonymously, but allowed Plaintiff to redact his filings. ECF No. 11. Plaintiff's instant Motion seeks to seal the entire record based on the same arguments he raised when seeking pseudonymity. ECF No. 16.

## II. Discussion

### A. Plaintiff Should Not Have Filed His Motion *Ex Parte*.

United States District Court for the District of Nevada Local Rule IA 7-2 governs *ex parte* filings with the Court. In this case, Plaintiff has not hidden his identity or the basis for his claims from Defendants and no Defendant has appeared. Further, Plaintiff did not seek leave or otherwise explain the basis for filing an *ex parte* motion. For these reasons, the Court finds filing of the instant Motion *ex parte* was improper.

### B. Plaintiff's Motion To Seal The Record Is Denied.

United States Supreme Court case law holds there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). A party that seeks to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d, 1096, 1102 (9th Cir. 1999)). Compelling reasons sufficient to outweigh the public interest in access exist when information becomes the vehicle for improper purposes such as the use of records to gratify spite, promote public scandal, spread libelous statements or reveal trade secrets. *Nixon*, 435 U.S. at 598. The presumption of access may be rebutted only on the basis of articulable facts known to the Court, rather than on unsupported hypothesis or conjecture. *Hagestad*, 49 F.3d at 1434.

The Ninth Circuit established an exception to the compelling reasons standard that allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When a district court considers whether to seal a record, that court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th

Cir. 2016). If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id*. (Internal citations omitted.) In contrast, when the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon a showing of good cause. *Id*.

When granted, a sealing order must be narrowly tailored. *McCurry v. Ocwen Loan Servicing, Inc.*, Case No. 2:16-cv-00191-RFB-PAL, 2016 WL 4926430 (D. Nev. 2016) (citing *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984)). Further, sealing documents is improper when confidential information can instead be redacted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

Plaintiff's instant Motion is based on, and therefore related to, the underlying case. Plaintiff is the only party that has appeared in this matter. As was true when Plaintiff sought to proceed pseudonymously, Plaintiff fails to provide a compelling reason for sealing the entire record he created. Plaintiff alternatively asks the Court to seal portions of the record; however, Plaintiff does not identify what he wants sealed.

In the Court's prior Order, it directed Plaintiff to:

- no later than September 13, 2021, refile his Petition for Writ of Mandamus and Complaint for Injunctive Relief under seal replacing all references to John Doe with his real name. The title of the document shall appear as follows:

   FILED UNDER SEAL UNDER COURT ORDER (ECF No. 11)
   PETITION FOR WRIT OF MANDAMUS AND COMPLAINT
   FOR INJUNCTIVE RELIEF;

- refile his Petition for Writ of Mandamus and Complaint for Injunctive Relief replacing all references to John Doe with his real name, but with "redactions." This filing shall not be under seal and must also occur on September 13, 2021; and,

- refile, not under seal, his Petition for Writ of Mandamus and Complaint for Injunctive Relief with the following redactions:

    - Paragraph 1, line 2 beginning with the words "who also now" and ending on line 3 with the words "in the ears."
    - The contents (but not the header) of Paragraph 13;
    - Paragraph 16, line 10 beginning with the words "and especially because" and ending on line 11 with the words "plaguing Plaintiff";
    - Paragraph 17, line 15; and,
    - Paragraph 17, line 18 beginning with the words "somewhat from" and ending with the word "Tinnitus."

ECF No. 11. Plaintiff complied with this Order. *See* ECF Nos. 12 and 13. Thus, the Court has taken steps to protect Plaintiff from the disclosures about which he has concerns. Given the prior Order, and the redaction of references that concern Plaintiff, the Court finds no compelling reason to seal the entire record in this case.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion to Seal Entire Case or Alternatively to Seal Certain Parts of the Record Proceedings (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall remove the *ex parte* designation of Plaintiff's Motion to Seal such that Defendants have immediate access to Plaintiff's Motion through the CM/ECF system.

Dated this 8th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE