UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APEMWOYAH KISOB ALARIC-LORENZO,<br><br>Plaintiff,<br><br>v.<br><br>LAURA ZUCKHOWSKI, ALEJANDRO MAYORKAS, KENNETH CUCCINELLI, MERRICK GARLAND, JEAN KING,<br><br>Defendants. | Case No. 2:21-cv-01519-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Ex Part Motion to Seal Entire Case or Alternatively to Seal Certain Parts of the Record Proceedings (ECF No. 18). Plaintiff's Motion for Reconsideration accurately demonstrates the Court erroneously concluded that Plaintiff failed to identify the specific documents he sought to seal. For this reason, the Court grants (in part) the Motion for Reconsideration and reviews ECF Nos. 1, 3, 10, and 16 to determine if these filings, or any portion thereof, are properly sealed.

As previously stated, United States Supreme Court case law holds there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). A party that seeks to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d, 1096, 1102 (9th Cir. 1999)). The presumption of access may be rebutted only based on articulable facts known to the Court, rather than on unsupported hypothesis or conjecture. *Hagestad*, 49 F.3d at 1434.

The exception to the compelling reasons standard allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When a district court considers whether to seal a record, that court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). When granted, a sealing order must be narrowly tailored. *McCurry v. Ocwen Loan Servicing, Inc.*, Case No. 2:16-cv-00191-RFB-PAL, 2016 WL 4926430 (D. Nev. 2016) (citing *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984)). Further, sealing documents is improper when confidential information can instead be redacted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

As referenced above, Plaintiff seeks to seal four documents he filed with the Court including his initiating document (ECF No. 1), his Motion to Proceed Pseudonymously (ECF No. 3), his Motion for Expedited Ruling (ECF No. 10), and his Motion to Seal (ECF No. 16). However, a review of each of these documents demonstrates there is no basis to entirely seal any of them. Plaintiff's initiating document (ECF No. 1) shows that only paragraphs 1, 13, 16, and 17 contain personal information that is potentially worthy of sealing. Further, Plaintiff's Motion to Proceed Pseudonymously (ECF No. 3) discusses personal health information on page 2, lines 11 through 15, and page 4, lines 1 through 7. The Motion for Expedited Ruling (ECF No. 10) discusses personal information on page 2, lines 22-24. Finally, the Motion to Seal (ECF No. 16) raises issues pertaining to Plaintiff's health on pages 3, lines 18-19, and 4, lines 6-7. These brief references to personal information, which Plaintiff believes *may* cause him embarrassment in the future, are insufficient to support Plaintiff's sealing request. This is particularly true given Plaintiff offers no evidence supporting his concern that the potential disclosure of these references will cause him any harm. Plaintiff offers only his unsupported hypothesis or conjecture.

Nonetheless, because the specific information identified by the Court pertains to Plaintiff's personal health, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the

Court's Order Denying Plaintiff's Ex Part Motion to Seal Entire Case or Alternatively to Seal Certain Parts of the Record Proceedings (ECF No. 18) is GRANTED in part as follows:

- ECF No. 1 shall be sealed;

- Plaintiff must refile ECF No. 1, unsealed, redacting paragraphs 1, 13, 16, and 17 only. No changes or redactions to ECF No. 1 may be made when refiled.

- ECF No. 3 shall be sealed;

- Plaintiff must refile ECF No. 3, unsealed, redacting page 2, lines 11-15, and page 4, lines 1 through 7. No other changes or redactions to ECF No. 3 may be made when refiled.

- ECF No. 10 shall be sealed;

- Plaintiff must refile ECF No. 10, unsealed, redacting page 2 lines 22-24. No other changes or redactions to ECF No. 10 may be made when refiled.

- ECF No. 16 shall be sealed;

- Plaintiff must refile ECF No. 16, unsealed, redacting page 3, lines 18-19, and page 4, lines 6-7. No other changes or redactions to ECF No. 16 may be made when refiled.

IT IS FURTHER ORDERED that the redacted versions of ECF Nos. 1, 3, 10, and 16 must be filed within ten (10) days of the date of this Order.

IT IS FURTHER ORDERED that except as expressly stated above, Plaintiff's Motion for Reconsideration is denied.

Dated this 13th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE